UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: GABRIEL C. MURPHY

INVESTMENT THEORY, LLC, DIGITAL
TECHNOLOGY, LLC, GUARANTY
SOLUTIONS RECOVERY FUND I, LLC,
WILLIAM M. SCHEER and LAURENCE
G. SCHEER,

      Appellants,

v.                                           Case No.: 2:19-cv-631-FtM-38

                                            Bankr. No.: 9:17-bk-7843

GABRIEL C. MURPHY,

      Appellee.
_____/

## OPINION AND ORDER[1]

Before the Court is Appellee Gabriel C. Murphy's Motion to Supplement the Record on Appeal (Doc. 17) and Appellants' Response in Opposition (Doc. 31). For the reasons below, the Motion is granted in part and denied in part, which necessitates that Appellee file a second amended brief.

## BACKGROUND

In this bankruptcy appeal, Appellants/Creditors Investment Theory, LLC, Digital Technology, LLC, Guaranty Solutions Recovery Fund I, LLC, and William and Laurence

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Scheer appeal the United States Bankruptcy Court's decision to abstain from considering an involuntary petition initiated by Appellee Gabriel C. Murphy. (Doc. 1 at 1). The abstention order followed a trial of a motion to dismiss which challenged the eligibility of only two of the petitioning creditors to join in the involuntary petition. The two petitioners who were not named in the motion to dismiss did not participate in the trial of the motion because no relief was being sought against them. Thus, the principal issue on appeal here is whether all four of the Appellants were provided with adequate notice that the putative debtor's request for abstention was to be heard at the trial of a motion to dismiss directed to only two creditors. Murphy was represented by counsel before the Bankruptcy Court and was initially represented by the same counsel in this appeal but he is now proceeding *pro se* on appeal. No cross-appeal was taken by Murphy.

At issue here is whether the Court should allow Murphy to supplement the record on appeal, which Murphy himself concedes is within the Court's discretion. (Doc. 17 at 6). Appellants object in part to the supplement, arguing that it is untimely, and that it is an improper attempt to submit non-record evidence to launch a collateral attack on unappealed issues decided adversely to Murphy.

## DISCUSSION

Murphy requests to supplement the appellate record with three categories of documents listed by paragraph number in Doc. 17-2:

**(1)** documents to which Appellants have no objection (¶¶ 1-6, 10-19[2], 20-25, 27, 28, 30-44, and 46);

**(2)** documents which were not part of the evidence considered by the Bankruptcy Court at trial (¶¶ 7-9, 26, 29, 45);

---

[2] Appellants make no mention of whether they object to paragraph 19, and the Court takes their silence as no objection.

2

> **(3)** documents which Appellee describes as "New Relevant Documents Prepared/Produced Since Trial" (¶¶ 47-50).

Because there is no objection to the first category of documents[3], and because these documents were before the Bankruptcy Court at the time it rendered its decision on appeal, supplementing the appellate record to include them is appropriate. Accordingly, the Court will grant the Motion to Supplement the Record as to the documents identified in Doc. 17-2 at ¶¶ 1-6, 10-19, 20-25, 27, 28, 30-44, and 46. The remainder of this Opinion and Order will consider the other two categories of documents at ¶¶ 7-9, 26, 29, 45, 47-50.

**A. Timeliness**

Appellants argue that Murphy's request is untimely because he did not request to make his record designations until December 17, 2019, *after* Appellants' initial brief (Doc. 15) was filed in this case. Appellants' Notice of Appeal was filed August 28, 2019, and their designation of items to be included in the record on appeal was filed shortly thereafter on September 11, 2019. The designated record was transmitted to this Court on October 2, 2019 (Doc. 6). Murphy (who was represented by counsel at the time) was required to file his designation of additional items to be included in the record on appeal within 14 days of the service of Appellants' designation, which in this case was September 30, 2019, but Murphy's request was not filed until December 17, 2019.[4] *See* Fed. R.

---

[3] Although Appellants do not object to the first category of documents because these were pleadings or trial exhibits admitted into evidence at the trial of the motion to dismiss, Appellants still assert that those documents at ¶¶ 1-6, 10-19[3], 20-25, 27, 28, 30-44, and 46, have little or no bearing on the issues to be addressed in this appeal. (Doc. 31 at 3).

[4] The Court did not allow Appellee's attorney to withdraw until October 8, 2019. (Doc. 11). Therefore, up until this date, Murphy was represented by counsel.

Bank. P. 8009(a)(2). Appellee filed his initial brief (Doc. 18) simultaneously with his request to supplement the record. The Court later granted Appellee's request to file an amended brief. (Doc. 29).

While the Court agrees that under the bankruptcy procedural rules Murphy was required to file his designation of additional items to be included in the record on appeal within 14 days of the service of Appellants' designation (which was September 30, 2019), Murphy's former counsel did make a request for an extension prior to the September 30 deadline. When Murphy's counsel requested to withdraw on September 12, 2019, he included a request for a 14-day extension of time to file any designation of additional items to include in the record within his Motion to Withdraw. *See* Doc. 4 at ¶ 5. In its Order on the Motion to Withdraw (Doc. 11), the Court is silent on the issue of an extension.

As an initial matter, it was improper to embed a request for extension of time in the Motion to Withdraw. Furthermore, the Court granted the Motion to Withdraw on October 8, 2019, and although Murphy made other filings with the Court, he did not request to supplement the record again until December 17, 2019. However, since Murphy is proceeding *pro se*, out of an abundance of caution the Court will consider his request to make record designations as timely filed. Murphy is warned that although the Court liberally construes *pro se* filings, *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), the leniency does not give the courts license to serve as *de facto* counsel or permit them to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

### B. Request to Supplement

Requests to supplement the record on appeal is governed by Rule 8009(e), Federal Rule of Bankruptcy Procedure, which limits the addition of supplemental materials to items material to the decision below which were omitted from the record on appeal by error or accident:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected, and a supplemental record may be certified and transmitted:
>
> (A) on stipulation of the parties;
>
> (B) by the bankruptcy court before or after the record has been forwarded; or
>
> (C) by the court where the appeal is pending.

Fed. R. Bank. P. 8009(e)(2). It is well-settled that a record on appeal is rarely enlarged to include material not before the trial court "which has labored without the benefit of the proffered material." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325 (11th Cir. 2000) (citing *Hormel v. Helvering*, 312 U.S. 552, 556 (1941)). Indeed, a bankruptcy record can only be supplemented pursuant to Federal Rule of Bankruptcy Procedure 8009(e) "[i]f anything material to either party is omitted from or misstated in the record by error or accident." *Id.* And generally, an appellate court may refuse to consider an issue not presented to the trial court and raised for the first time on appeal. *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1301 (11th Cir. 2003).

As Murphy acknowledges, none of the proffered documents in the second and third categories listed above were before the Bankruptcy Court at the time it entered the orders in question. These items were not authenticated, subjected to cross-examination, or received into evidence at trial. And Murphy has otherwise not shown that any of the

5

supplemental materials were omitted by error or accident. Rather, the non-record evidence was submitted to the Court only after Murphy had the opportunity to review Appellants' brief and seemingly seeks to raise a collateral attack on the Bankruptcy Court's findings that he did not choose to appeal. Therefore, the request to supplement to the record with documents which were not part of the evidence considered by the Bankruptcy Court at trial (Doc. 17-2 at ¶¶ 7-9, 26, 29, 45), and with documents which Murphy describes as "New Relevant Documents Prepared/Produced Since Trial" (Doc. 17-2 at ¶¶ 47-50), is denied.

Because Murphy's Amended brief (Doc. 29) relies on and includes non-record evidence, Appellants' Motion to Strike on this basis (Doc. 32) is granted and Murphy is directed to file a second amended brief. Further, because the Court's decision could affect the arguments Murphy may make in his Motion for Sanctions (Doc. 20); therefore, the Court will deny that Motion without prejudice to be refiled, if appropriate.

Accordingly, it is now

**ORDERED:**

(1) Appellee Gabriel C. Murphy's Motion to Supplement the Record on Appeal (Doc. 17) is **GRANTED IN PART AND DENIED IN PART** as set forth in this Opinion and Order. The Clerk is directed to supplement the Bankruptcy Record on Appeal with the items listed at ¶¶ 1-6, 10-19, 20-25, 27, 28, 30-44, and 46 in Doc. 17-2, which are attached to Exhibit B.

(2) Gabriel C. Murphy shall file a second amended brief by **April 10, 2020**. **Failure to do so will result in the Court ruling on the issues raised in Appellants' brief without the benefit of a response**.

(3) Appellants' Motion to Strike Appellee's Amended Brief (Doc. 32) is **GRANTED**.

(4) Appellee's Motion for Sanctions (Doc. 20) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of March, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record