UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  GABRIEL C. MURPHY

_____

INVESTMENT   THEORY,   LLC,
DIGITAL  TECHNOLOGY,  LLC,
GUARANTY SOLUTIONS RECOVERY
FUND  I,  LLC,  WILLIAM  M.
SCHEER,  and  LAURENCE  G.
SCHEER,

       Appellants,

v.                          Case No:  2:19-cv-631-FtM-29
                            Case No:  9:17-bk-7843-FMD

GABRIEL C. MURPHY,

       Appellee.

_____

### OPINION AND ORDER

This matter comes before the District Court on the appeal of
two Orders from the United States Bankruptcy Court: (1) an Order
Denying Motion to Dismiss Involuntary Bankruptcy Petition and
Granting Alleged Debtor's Request for Abstention (Doc. #1-1), and
(2) an Order Denying Petitioning Creditors' Motion for
Reconsideration (Doc. #1-2).[1] Appellants filed an Initial Brief
(Doc. #15); appellee, who is proceeding *pro se*, filed a *pro se*

_____

[1] The Court will hereinafter cite documents filed with the
District Court as "Doc.", and documents filed in the Bankruptcy
case as "Bankr. Doc." Copies of the relevant documents were
included in the record transmitted by the Bankruptcy Court. The
page numbers refer to the Court's computer-generated number at the
upper right corner of the document.

Brief (Doc. #18), an Amended Brief (Doc. #29), and a Second Amended Brief (Doc. #44); appellants filed a Reply Brief (Doc. #48), and appellee then filed a Surreply Brief (Doc. #54).

Also before the Court is Appellee's Motion to Remand For Retrial on All Issues Before the Bankruptcy Court (Doc. #62), filed on October 2, 2020, and appellee's Additional Suggestions In Support of Motion For Reversal and Remand (Doc. #63), filed on October 5, 2020.  Appellants filed an Objection and Response (Doc. #64) on October 9, 2020.

For the reasons set forth below, appellee's Motion to Remand is denied.  The Orders of the Bankruptcy Court being appealed by appellants are vacated as to the issue of abstention only, and the case is remanded to the Bankruptcy Court for further proceedings on the Involuntary Petition.

## I.

On September 5, 2017, Investment Theory, LLC (ITheory), Digital Technology, LLC (DigiTech), and Guaranty Solutions Recovery Fund 1, LLC (Guaranty Solutions) (collectively Petitioning Creditors or appellants) filed an Involuntary Petition under Chapter 7 of the Bankruptcy Code as to the alleged debtor Gabriel C. Murphy (Debtor or appellee) asserting $6,914,459.23 in business debts by the individual Debtor.  (Doc. #6-7.)  ITheory and Guaranty Solutions asserted that their claims were based on

judgments, while DigiTech asserted its claim was based on a promissory note and personal guaranty. (Id.)

Under the Bankruptcy Code, a certain number of certain types of creditors may compel a certain type of debtor to participate in bankruptcy proceedings by filing an involuntary petition against that alleged debtor. See 11 U.S.C. § 303(a).[2] It has never been disputed that Gabriel C. Murphy is a qualifying debtor in the Chapter 7 proceeding, which was commenced by the Petitioning Creditors by the Involuntary Petition.

Title 11 U.S.C. § 303(b) contains the numerosity and claim requirements which petitioning creditors must satisfy in order to file an involuntary petition against an alleged debtor by the filing of a petition under Chapter 7 or Chapter 11 --

> **(1)** by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $15,775 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
>
> **(2)** if there are fewer than 12 such holders . . . by one or more of such holders that hold

---

[2] Section 303(a) provides: "(a) An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person, except a farmer, family farmer, or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced."

in the aggregate at least $15,775 of such claims;[3] 11 U.S.C. § 303(b).  Thus, "[t]he petition must be brought by at least three eligible creditors (unless there are fewer than twelve eligible creditors), with each creditor holding a separate claim against the alleged debtor, and the claims must not be contingent or subject to a bona fide dispute as to liability or amount."  In re Rosenberg, 779 F.3d 1254, 1258 (11th Cir. 2015).[4]  Failure to satisfy these statutory requirements is grounds for dismissal of the involuntary petition, but these requirements "do[] not implicate subject matter jurisdiction."  In re Trusted Net Media Holdings, LLC, 550 F.3d 1035, 1046 (11th Cir. 2008) (en banc).[5]

If the involuntary petition "is not timely controverted, the court shall order relief against the debtor in an involuntary case" under the appropriate bankruptcy chapter.  11 U.S.C. § 303(h).  To controvert an involuntary petition, a debtor "may file an answer," 11 U.S.C. § 303(d), or may file a motion to dismiss.  Fed. R. Bankr. Pro. 1011(b).  In a controverted case, "after trial" the

---

[3] The dollar amounts have changed over time, but at the time the Petition was filed in this case the amount was $15,775.

[4] A Bankruptcy Rule purports to add another limitation not set forth in the statute:  "An entity that has transferred or acquired a claim for the purpose of commencing a case for liquidation under chapter 7 or for reorganization under chapter 11 shall not be a qualified petitioner." Fed. R. Bankr. P. 1003(a).

[5] Thus, contrary to appellants' position (Doc. #15, pp. 22-23), a motion challenging eligibility is not treated as a jurisdictional challenge, at least in the Eleventh Circuit.

bankruptcy court may order relief if certain conditions are satisfied. 11 U.S.C. § 303(h).

Here, Debtor controverted the Involuntary Petition by filing a motion to dismiss. On September 28, 2017, Debtor filed a Motion to Dismiss Involuntary Bankruptcy Petition Pursuant to Fed. R. Bankr. Pro. 1011(b) (Doc. #6-8)(the Motion to Dismiss). The Motion to Dismiss and its supporting Certification of the Debtor (Doc. #6-9) asserted that DigiTech's claim was contingent and the subject of a bona fide dispute, and therefore DigiTech did not qualify as a petitioning creditor and had no standing to file the Involuntary Petition. (Doc. #6-8, pp. 3-5.) The Motion to Dismiss also asserted that the Involuntary Petition was filed in bad faith by all three Petitioning Creditors. (Id. pp. 5-6.)[6] The Motion to Dismiss sought dismissal of the bankruptcy proceeding with prejudice, a declaration that it was filed in bad faith, an injunction against future involuntary petitions, punitive damages, attorney fees, costs, and damages, and "such other and further relief as this Court deems just." (Id. at 7-8.) The Motion to Dismiss did not mention abstention or request the Bankruptcy Court to abstain from hearing the matter.

---

[6] The Motion to Dismiss also alleged improper service of process, but this argument was later withdrawn. (Doc. #6-17, pp. 5-6, 9.)

On October 9, 2017, the Petitioning Creditors filed a Response to Debtor's Motion to Dismiss (Doc. #6-11) denying that any claim was objectively disputed and asserting that the bad faith issue was premature since 11 U.S.C. § 303(i)(2) allows bad faith damages only after the petition is dismissed.  Debtor's Reply (Doc. #6-12) and Supplemental Certification (Doc. #6-13), filed on October 17, 2017, added the assertion that ITheory was not an eligible petitioner because it had acquired the claim solely for the purpose of becoming a petitioner, in violation of Bankruptcy Rule 1003(a).

The Bankruptcy Court conducted a preliminary hearing on October 19, 2017. (Doc. #6-17.)   Both sides agreed there were disputed factual issues regarding the DigiTech claim, and that a trial should be set on the Motion to Dismiss.  On October 24, 2017, the Bankruptcy Court issued a notice scheduling a "trial in the contested matter arising from the Motion to Dismiss Case Involuntary Petition" for February 20, 2018.  (Doc. #6-14.)

On November 7, 2017, the Petitioning Creditors filed a Motion to Compel Debtor to Comply with Rule 1003(b), Federal Rules of Bankruptcy Procedure (Doc. #6-15).  The Motion to Compel noted that Debtor's Motion to Dismiss had not indicated the number of his creditors, and that the number of creditors could impact the required number of eligible petitioning creditors needed under 11 U.S.C. § 303(b)(1), (2), and hence the need for a trial on the Motion to Dismiss.

Because Debtor had not filed an Answer and the Involuntary Petition had not been filed by fewer than three creditors, Bankruptcy Rule 1003(b) was not implicated.[7]   Nonetheless, on December 4, 2017, the Bankruptcy Court granted the Motion to Compel and ordered Debtor to comply with Rule 1003(b) and to file a list of his known creditors.   (Doc. #6-16.)   On December 27, 2017, Debtor filed Debtor's List of Creditors As Of September 5, 2017 (Doc. #6-18) identifying 29 creditors.   The number of creditors was not contested by the Petitioning Creditors.   On February 16, 2018, the Bankruptcy Court granted the Petitioning Creditors' motion to continue the trial, re-scheduling trial for March 29, 2018.   (Doc. #6-20.)

On February 28, 2018, the Petitioning Creditors filed an Amended Involuntary Petition (Docs. #6-21, #6-22) reducing the amount of DigiTech's claim from $325,664.45 to $55,547.00.   The Amended Petition also checked the "Transfer of Claim" box and added Statements from ITheory and Guaranty Solutions.   (Doc#. #6-23, #6-24.)

---

[7] Fed. R. Bankr. P. 1003(b) provides:   "If the answer to an involuntary petition filed by fewer than three creditors avers the existence of 12 or more creditors, the debtor shall file with the answer a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof. If it appears that there are 12 or more creditors as provided in § 303(b) of the Code, the court shall afford a reasonable opportunity for other creditors to join in the petition before a hearing is held thereon."

On March 3, 2018, Debtor filed a Motion to Strike Amended Involuntary Petition (Doc. #6-25), arguing it was untimely and filed without leave of court.  On March 27, 2018, the Petitioning Creditors filed a Response To Debtor's Motion to Strike Amended Involuntary Petition, and Alternative Motion For Leave to File Amended Petition *Nunc Pro Tunc*. (Doc. #6-153.)  The Motion to Strike was noticed for a preliminary hearing at the scheduled trial. (Doc. #6-26.)

The last-minute pre-trial maneuvering continued by both sides.  On March 26, 2018, Debtor filed a forty-page pretrial Memorandum in Support of Motion to Dismiss Involuntary Bankruptcy Petition (Doc. #6-136).  For the first time, Debtor asserted abstention under Section 305 of the Bankruptcy Code as "a separate basis for dismissal of a bankruptcy petition." (Id., pp. 14, 15.) The legal basis for abstention was set forth in approximately three pages of argument.  (Id., pp. 33-35.)  The Petitioning Creditors filed a Response to Debtor's Memorandum (Doc. #6-155) on March 28, 2018.  This Response briefly referred to the new abstention issue, but argued that it and Debtor's other arguments "are simply belied by the facts." (Id., p. 7.)

On March 28, 2018, William M. Scheer and Lawrence G. Scheer (the Scheers), represented by the same attorney who was representing the three Petitioning Creditors, filed a Joinder to Involuntary Petition.  (Doc. #6-154.)  The Joinder asserted a

claim against Debtor for $51,440.00 based upon a judgment, plus interest and attorney's fees and costs.  The Scheers were not among the 29 creditors previously identified by Debtor.

At the commencement of trial, counsel for Debtor raised the issue of the late addition of a new creditor:

> MR. ZINN: The joinder that was filed regarding the new -- the fourth creditor. This case has been going on for seven months now and that was filed less than 48 hours ago.
>
> . . . .
>
> We haven't had a chance to determine if this is being filed in bad faith or what the circumstances were that suddenly, on the eve of trial, a fourth creditor is now joining the petition, when they've had seven months to get this creditor.
>
> We believe there's a *bona fide* dispute as to them, but we haven't had time to conduct any discovery with regard to it. That's why we filed our motion to continue the trial. We would like the ability at some point to, if necessary, to dispute it.
>
> I believe the name is Scheer. I can tell you that we've done some research on it. The reason why they're not even on the creditor list of the potential creditors is because they have a dormant judgment under Kansas law.

(Doc. #6-156, pp. 16-17.)  In response, counsel for Petitioning Creditors made the suggestion on how to proceed:

> MR. THAMES: Easy suggestion here, Your Honor. The claim is not dormant because there is an extension when you conduct discovery and it extends the period. So as long as you've done your discovery, it doesn't go dormant and there is that. It's something we actually

> looked at before we accepted them as a client
> and did the joinder.
>
> My suggestion on resolving this is -- this is
> a motion to dismiss. And if we get past this,
> we still have the second trial on whether or
> not the Debtor is paying his debts --
> generally paying his debts as they become due.
> So when you get to that point, one of the
> allegations of an involuntary petition is that
> they're eligible petitioners.
>
> So the issue -- he still has his opportunity
> down the road if, for some reason, he thinks
> that this -- that entity is not eligible, it's
> not -- he still has his opportunity. And I
> don't think we're trying -- you know, we're
> not -- that trial hasn't even been set yet. So
> there's plenty of time for them to address
> that claim.

(Id., pp. 17-18.)   The Court agreed, and elected to defer

consideration of the Scheers' claim:

> THE COURT: All right. Well, my preference
> would be to defer the issue. It may be that
> the Scheers' eligibility as a petitioning
> creditor is a moot point, depending on what
> happens at this trial, and we won't have to
> get to it.

(Id., p. 18.)  If the result of the trial did not moot the need

for the Scheers as an eligible creditor, Debtor would be given the

opportunity to conduct discovery and look into the Scheer claim.

(Doc. #6-156, p. 18; Doc. #6-157, pp. 244-45.)

A five-day trial took place on March 29-30, 2018 and May 8-

11, 2018.  On May 8, 2018, counsel for Debtor moved for a directed

verdict, arguing that the Petitioning Creditors had failed to meet

their initial burden under 303(b).   (Doc. #6-167, pp. 36-37.)
During his argument counsel also stated:

> And the last point, Your Honor, is Your Honor
> has wide discretion under Bankruptcy Code
> Section 305 to abstain from hearing this case,
>
> . . . .
>
> As Your Honor I'm sure has seen through the
> testimony, this is basically a two-part
> dispute. This is Mr. Murphy versus Mr.
> Connolly and company and everybody he has gone
> -- gotten to join him against Mr. Murphy, and
> bankruptcy is not meant for these two-party
> disputes and there's litigation about this
> case.
>
> . . . .
>
> And as to the abstention, I would also like to
> point out that the creditors have only put
> forth before this Court that the only asset,
> the only potential asset of this bankruptcy
> case is Mr. Murphy's Kansas litigation claim.
> They haven't shown any other asset, and if
> this bankruptcy were allowed to stand, the
> only thing that would happen is Mr. Connolly
> would purchase that asset from the trustee and
> dismiss it and the case would be over.

(Doc. #6-167, pp. 44-45, 64-65.)   Counsel for Petitioning
Creditors did not respond to the abstention issue, and the
Bankruptcy Court did not discuss or decide abstention in denying
the motion for directed verdict.

At the conclusion of the evidence, the parties agreed that in
lieu of oral closing arguments they would submit proposed findings
of facts and conclusions of law.   Each side would be given the
opportunity to file objections to the proposals of their opponents.

On July 27, 2018, the Petitioning Creditors filed a Post-Trial Memorandum (Doc. #6-163).  The 76-page Memorandum did not address the abstention issue.  On the same date, Debtor filed a 30-page Post-Trial Brief (Doc. #6-164).  The Brief argued that the Involuntary Petition should be dismissed because it failed to meet the numerosity, good faith, and transferred-claim requirements and "[t]here are also sufficient grounds for the Court to abstain under Section 305. . . ."  (Id., p. 1.)  The Brief presented three pages of argument concerning the abstention issue.  (Id., pp. 21-24.)

On August 8, 2018, Debtor filed 74-page Objections to Petitioning Creditors' Post-Trial Brief. (Doc. #6-166.)  On the same day, the Petitioning Creditors filed their 39-page Objections to Debtors Proposed Findings of Fact and Conclusions of Law (Doc. #6-165.)  As to the abstention issue, the Objections stated:

> Leaving aside the fact that such relief was not requested in the Motion to Dismiss, abstention is nonetheless inappropriate in this instance because there are no claims pending between the parties relative to the Promissory Notes in any forum, and abstention would deprive GSRF1 and the Scheers of the opportunity to seek recovery through this involuntary petition.

(Id., p. 37.)

On March 19, 2019, the Bankruptcy Court issued an Order Denying Motion to Strike and Granting Leave to Amend Involuntary Petition (Doc. #6-173).  The Bankruptcy Court granted leave to file the Amended Involuntary Petition *nunc pro tunc* to February

- 12 -

28, 2018.  Also on March 19, 2019, the Bankruptcy Court issued the Order Denying Motion to Dismiss [Amended] Involuntary Bankruptcy Petition and Granting Alleged Debtor's Request for Abstention (Doc. #1-1, Exh. A).  As to the Motion to Dismiss, the Court found that DigiTech, Guaranty Solutions, and Investment Theory were all qualified as petitioning creditors, and that Debtor had not met his burden of proof to show the Involuntary Petition was filed in bad faith.  (Id., pp. 23-36.)  The Motion to Dismiss was therefore denied.

The Bankruptcy Court also considered abstention (id., p. 37; Doc. #1-2, p. 40), finding that "Murphy has met his burden to demonstrate that abstention and dismissal benefits both himself and the Petitioning Creditors."  (Doc. #1-2, p. 40.)  The Bankruptcy Court identified four factors justifying abstention: (1) the case was really a two-party dispute, with Guaranty Solutions and the Scheers being peripheral to the case; (2) other forums were available to protect the interests of Murphy and Connolly and their related entities outside of bankruptcy; (3) there was no evidence that Murphy had any assets, or that liquidation of his assets would be more advantageous to the creditors; and (4) the Petitioning Creditors' claims did not hinge upon federal bankruptcy law, and a federal bankruptcy proceeding, while possibly advantageous to Petitioning Creditors, was not necessary to reach a just and equitable solution. (Doc. #1-2, pp.

39-40.)   Pursuant to 11 U.S.C. § 305(a), the Bankruptcy Court elected to abstain from hearing the involuntary petition.   (<u>Id.</u>, p. 41.)

On March 27, 2019, the Petitioning Creditors and the Scheers filed a Motion for Reconsideration (Doc. #6-174) challenging the Bankruptcy Court's decision to abstain.   They asserted:   (1) The Scheers did not participate in the trial since they were not a party and the Court had tabled consideration of the Scheers' claim; (2) the extent of debtor's assets had limited relevance to the Motion to Dismiss; (3) the creditors' interests are not adequately protected outside the bankruptcy forum; and (4) the finding that this was only a two-party dispute was premature since other creditors were not given notice of the abstention issue as required by to Fed. R. Bankr. P. 1003(b).   On June 20, 2019, Debtor filed an Opposition (Doc. #6-177) to the Motion for Reconsideration.

On August 15, 2019, the Bankruptcy Court issued an Order Denying Petitioning Creditors' Motion for Reconsideration (Doc. #1-2, Exh. B).   The Order addressed each of the four areas in its original Order, re-affirming its stated reasons for abstention. As to the 2-party dispute and lack of notice, the Bankruptcy Court stated:

> Under Federal Rule of Bankruptcy Procedure 1003(b), if an involuntary petition is filed by fewer than three creditors and the debtor in his answer avers the existence of 12 or more creditors, § 303(b )(1)'s requirement of

> three or more petitioning creditors is
> triggered and the debtor must file a list of
> creditors. The purpose of Rule 1003(b) is to
> permit a single petitioning creditor to
> contact other creditors to try to meet the
> three-creditor threshold of § 303(b)(1). [ ]
> Here, the Court has found the existence of
> three petitioning creditors and Rule 1003(b)
> does not apply.

(<u>Id.</u>, pp. 15-16) (footnote omitted).   The Bankruptcy Court

concluded that the petitioning creditors did not meet any of the

requirements for reconsideration under Fed. R. Civ. P. 59 or 60.

> They have not argued an intervening change in
> controlling law; they have not provided new
> evidence that was not available at the Trial;
> they have not demonstrated a clear error of
> law; and they have not shown manifest
> injustice. Likewise, Petitioning Creditors
> have demonstrated no basis for relief under
> Rule 60, as they have not shown newly
> discovered evidence, mistake, or fraud.

(<u>Id.</u>, p. 16.)

## II.  Standard of Review

A United States district court has jurisdiction to review an

order of the bankruptcy court dismissing or abstaining a case under

11 U.S.C. § 305.   <u>In re Goerg</u>, 930 F.2d 1563, 1566 (11th Cir.

1991).   The United States District Court functions as an appellate

court in reviewing "final judgments, orders, and decrees" of the

United States Bankruptcy Court. 28 U.S.C. § 158(a); <u>In re Colortex</u>

<u>Indus., Inc.</u>, 19 F.3d 1371, 1374 (11th Cir. 1994).   The legal

conclusions of the bankruptcy court are reviewed *de novo*, while

findings of fact are reviewed for clear error.   <u>In re Globe Mfg.</u>

Corp., 567 F.3d 1291, 1296 (11th Cir. 2009).  "De novo review requires the court to make a judgment independent of the bankruptcy court's, without deference to that court's analysis and conclusions."  In re Piper Aircraft Corp., 244 F.3d 1289, 1295 (11th Cir. 2001).  A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed."  Crawford v. W. Electric Co., Inc., 745 F.2d 1373, 1378 (11th Cir. 1984)(citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); In re Walker, 515 F.3d 1204, 1212 (11th Cir. 2008).

Generally, a decision on abstention is reviewed for an abuse of discretion.  Seminole Tribe of Florida v. Stranburg, 799 F.3d 1324, 1328 (11th Cir. 2015); Green v. Jefferson County Com'n, 563 F.3d 1243, 1248 (11th Cir. 2009); Daewoo Motor Am., Inc. v. Gen. Motors Corp., 459 F.3d 1249, 1256 (11th Cir. 2006).  A court abuses its discretion "if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, or follows improper procedures in making its decision."  Isaiah v. JPMorgan Chase Bank, 960 F.3d 1296, 1308 (11th Cir. 2020).

III.

Appellants' issues relate only to the abstention determination made by the Bankruptcy Court.[8]   Appellants argue that the procedures utilized by the Bankruptcy Court deprived them of due process as to the abstention issue, and that the Bankruptcy Court wrongly decided the abstention issue.   A brief preliminary discussion of abstention is in order.

**A.  Bankruptcy Court Abstention Under 11 U.S.C. § 305**

By statute, a bankruptcy court may abstain from considering a case otherwise within its jurisdiction.   The statute provides in relevant part:

> **(a)** The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if--
>
> **(1)** the interests of creditors and the debtor would be better served by such dismissal or suspension;
>
> . . .
>
> **(c)** An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of title

---

[8] Debtor did not file a Notice of Appeal as to the Bankruptcy Court's unfavorable determinations regarding the Petitioning Creditors' eligibility and lack of bad faith, so those determinations are not before the Court.   Accordingly, Appellee's Motion to Remand For Retrial on All Issues Before the Bankruptcy Court (Doc. #62) is denied.

28 or by the Supreme Court of the United States under section 1254 of title 28.

11 U.S.C. § 305.  A Bankruptcy Rule provides that "[t]he court shall not dismiss a case or suspend proceedings under § 305 before a hearing on notice as provided in Rule 2002(a)." Fed. R. Bankr. P. 1017(d).  Bankruptcy Rule 2002(a), in turn, provides for at least 21-day notice by mail. Fed. R. Bankr. P. 2002(a).

On the merits of an abstention motion,

> courts that have addressed abstention under § 305 consider several factors, including: (1) whether another forum is available or there is already a pending action in another court; (2) whether the creditor and debtor are actively engaged in an out of court workout; (3) the purpose for which bankruptcy jurisdiction has been sought; (4) whether the bankruptcy will unnecessarily interfere with state or federal regulatory schemes; and (5) the effect the bankruptcy proceeding will have on the debtor's business [ ] However, these factors are not exhaustive and courts routinely employ a myriad of other factors in determining whether abstention under § 305 is proper. [ ]
>
> Additionally, some courts have acknowledged that abstention may be appropriate in situations where the bankruptcy action is essentially a two-party dispute, provided the petitioning creditor can obtain adequate relief in a non-bankruptcy forum. [ ] However, § 303(b)(2) specifically envisions two party dispute situations because in certain situations it allows a single creditor holding a claim in excess of $15,325 to commence an involuntary bankruptcy case, so long as the claim is not contingent as to liability or subject to a bona fide dispute. 11 U.S.C. § 303(b)(2) (stating an involuntary petition may be commenced "by *one* or more [creditors]") (emphasis added);[ ]. Moreover, the Court

- 18 -

> recognizes that these are merely factors for
> a court to consider and no one factor standing
> alone represents a threshold issue that
> requires abstention. It is at the discretion
> of the court to weigh each factor in reaching
> its decision.

In re FMB Bancshares, Inc., 517 B.R. 361, 371–72 (Bankr. M.D. Ga. 2014) (internal citations omitted).

**B. Appellate Issues**

While the three Petitioning Creditors and the Scheers raise five separately phrased issues on appeal, each issue essentially asserts that the procedures utilized by the Bankruptcy Court which led to its abstention decision violated appellants' due process rights "by not providing them with adequate notice that the abstention request would be considered concomitantly with the trial of the motion to dismiss" and "without the notice required by Bankruptcy Rules 1017(d) and 2002(a)." (Doc. #48, p. 9; Doc. #15, p. 10.) Appellants also assert that to reach its abstention decision the Bankruptcy Court "applied incorrect legal principles, utilizing improper procedures, leading to a clearly erroneous result." (Doc. #48, p. 10; Doc. #15, p. 11.)

For the reasons set forth below, the Court finds that the procedures utilized to determine whether to abstain violated due process and that the Bankruptcy Court utilized an incorrect abstention standard. Therefore, the decision to abstain was an abuse of discretion, and will be vacated.

**(1)  Due Process**

The  Second  Circuit  has  recently  summarized  relevant  due process principles:

> Parties  whose  rights  are  to  be  affected  are entitled  to  be  heard;  and  in  order  that  they may  enjoy  that  right  they  must  first  be notified." Fuentes v. Shevin, 407 U.S. 67, 80, 92  S.  Ct.  1983,  32  L.  Ed.  2d  556  (1972) (internal  quotation  marks  omitted).  "[I]n  the absence  of  effective  notice,  the  other  due process  rights  .  .  .  such  as  the  right  to  a timely  hearing  .  .  .  are  rendered fundamentally hollow." Kapps v. Wing, 404 F.3d 105,  124  (2d  Cir.  2005).  For  notice  to  be effective,  it  must  inform  the  affected  party of what "critical issue" will be determined at the  hearing.  See  Turner  v.  Rogers,  564  U.S. 431,  447,  131  S.  Ct.  2507,  180  L.  Ed.  2d  452 (2011).  In  addition,  "[p]art  of  the  function of notice is to give the charged party a chance to marshal the facts in his defense." Wolff v. McDonnell,  418  U.S.  539,  564,  94  S.  Ct.  2963, 41 L. Ed. 2d 935 (1974). Adequate notice must "reasonably  .  .  .  convey  the  required information that would permit [a driver] to present  [his  or  her]  objections"  to  the continuation  of  a  suspension.  Spinelli,  579 F.3d  at  172  (citation  and  internal  quotation marks omitted).

Nnebe v. Daus, 931 F.3d 66, 88 (2d Cir. 2019).

The  procedures  used  with  regard  to  the  abstention  issue  in this case did not comport with either due process or the Bankruptcy Rules.  Debtor's September 28, 2017 Motion to Dismiss raised only two  issues:   The  eligibility  of  DigiTech  to  qualify  as  a petitioning creditor and the bad faith of all three Petitioning Creditors.   Thus,  the  Notice  for  trial  issued  by  the  Bankruptcy

Court on October 24, 2017 could only have included those issues. The Petitioning Creditors filed an Amended Involuntary Petition on February 28, 2018, roughly a month before the new trial date, and drew a rapid objection from Debtor arguing the attempted amendment was untimely and needed leave of court. Nonetheless, three days prior to trial Debtor filed a Memorandum which raised for the first time abstention as a separate basis for dismissal. Debtor did not seek leave of court to amend his Motion to Dismiss and the abstention request was certainly untimely in terms of the upcoming trial. On the first day of trial, Debtor objected to the Scheer Joinder, which had been filed the day before trial, and the Bankruptcy Court deferred consider of the Scheer Joinder until after the trial. No "housekeeping" attention was given to the abstention issue raised in Debtor's Memorandum.

Trial began with Petitioning Creditors proceeding to establish their eligibility under Section 303.[9] After two days, Debtor made an oral motion for directed verdict. Debtor included a request for directed verdict on the abstention issue, despite the burden being on Debtor and Debtor not having presented any

---

[9] Appellants argue that Guaranty Solutions did not participate in the trial of the Motion to Dismiss because it was not named in the Motion to Dismiss. (Doc. #48, p. 12.) This is incorrect. Debtor's Motion to Dismiss (Doc. #6-8) asserted that all "Creditors" filed the petition in bad faith (id., p. 5, ¶13), defined "Creditors" to include Guaranty Solutions (id. at 1, ¶2), and sought damages, attorney fees, and costs from all three entities, including Guaranty Solutions (id. at 7-8).

evidence yet.  The Bankruptcy Court denied the directed verdict on the eligibility issues, and did not discuss abstention at all. After post-trial written submissions by both sides, the Bankruptcy Court discussed abstention for the first time.  The decision abstaining from further proceedings in the case was literally the first time any party was on notice that the Bankruptcy Court would actually consider this issue.  The Petitioning Creditors' Motion for Reconsideration was the first opportunity they had to discuss an issue after knowing it was being allowed by the Bankruptcy Court.[10]

The Bankruptcy Court thus considered an important issue with significant consequences when it was raised in a Memorandum three days before trial and effectively amended the Motion to Dismiss, which had been pending for over six months, without granting leave of court or considering a proper motion to amend.  Abstention was, by Debtor's own characterization, a separate basis for dismissal. (Doc. #6-136, p. 14.)  While there was some factual overlap with the bad faith issue, there had been no pretrial proceedings or discovery regarding abstention.  Not only were the original

---

[10] Appellants adequately raised due process concerns in its Motion for Reconsideration, and have not waived or forfeited any of the issues on appeal.  Hi-Tech Pharm., Inc. v. HBS Int'l Corp., 910 F.3d 1186, 1193-94 (11th Cir. 2018).  While the bane of a trial court, new arguments and citations related to an issue may be presented for the first time to an appellate court.  Sec'y, U.S. Dep't of Labor v. Preston, 873 F.3d 877, 883 n.5 (11th Cir. 2017).

Petitioning Creditors blindsided, but the Scheers were told their Joinder would be deferred even though the abstention issue was not deferred as to the Scheers or any other creditor.  The Bankruptcy Court abused its discretion by deciding to abstain from the case after following these procedures.

Appellee suggests that abstention was tried by the implied consent of the parties.

> A party cannot be said to have implicitly consented to the trial of an issue not presented by the pleadings unless that party should have recognized that the issue had entered the case at trial. Often such consent can be inferred from the failure to object to the introduction of evidence relevant to an unpleaded issue. . . . The introduction of evidence arguably relevant to pleaded issues cannot serve to give a party fair notice that new issues are entering the case.

Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc., 833 F.2d 1484, 1487 (11th Cir. 1987).  The evidence cited by the Bankruptcy Court in support of abstention was admitted in connection with the bad faith assertion in the Motion to Dismiss, not the abstention referenced in the eleventh-hour Memorandum. Since the evidence was admissible as to the bad faith issue expressly raised in the Motion, a failure to object does not suggest that the parties acknowledged or consented to trial of the abstention issue.

While appellee is undoubtedly correct that the Bankruptcy Court had the ability to consider abstention *sua sponte*, this does

not negate the obligation to give proper notice.   In any event, the Bankruptcy Court did not raise the issue *sua sponte*, and the notice it gave was not sufficient.

    **(2)  Abstention Standard**

    Even if the Bankruptcy Court had given proper notice, it applied the wrong legal standard in deciding that abstention was warranted in this case.   The Bankruptcy Court found that "Murphy has met his burden to demonstrate that abstention and dismissal benefits both himself and the Petitioning Creditors."  (Doc. #1-2, p. 40.)   The legal standard set forth in the statute, however, allows abstention if the Bankruptcy Court finds ("after notice and a hearing") that "the interests of creditors and the debtor would be better served by such dismissal or suspension. . . ."    11 U.S.C. § 305(a)(1).   The finding of the Bankruptcy Court did not determine whether the interests were "better served" by abstention.

    The Court will therefore vacate the portion of the two Orders addressing abstention.   The case will be remanded to the Bankruptcy Court to proceed with the matter pursuant to 11 U.S.C. 303(h).

    Accordingly, it is hereby

    **ORDERED:**

    1. The United States Bankruptcy Court's Order Denying Motion to Dismiss Involuntary Bankruptcy Petition and Granting

Alleged Debtor's Request for Abstention (Doc. #1-1) and Order Denying Petitioning Creditors' Motion for Reconsideration (Doc. #1-2, p. 7) are **VACATED** as to the abstention decision only.

2. The case is **REMANDED** to the Bankruptcy Court for further proceedings consistent with this Opinion and Order and 11 U.S.C. § 303(h).

3. Appellee's Motion to Remand For Retrial on All Issues Before the Bankruptcy Court (Doc. #62) is **DENIED**.

4. The Clerk shall forthwith transmit a copy of this Opinion and Order to the Bankruptcy Court, terminate all deadlines and motions (Doc. #57) as moot, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of January, 2021.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record